IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARIUS LEE PIERCE, #B90042,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-01271-SMY |
| ) | |
| **NURSE PRACTITIONER LUKING,** ) | |
| **NURSE FITZGERALD,** ) | |
| **MARK TAKAYOSHI SHIMA, and** ) | |
| **DOCTOR, CARLE HOSPITAL,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darius Lee Pierce, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims the nurse defendants violated his constitutional rights by failing to follow post-surgical instructions for his care, and asserts a medical malpractice claim against two hospital physicians (Doc. 1). Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff underwent

1

surgery on January 4, 2024 on his right forearm orbital tunnel because of pain and nerve issues (Doc. 1, p. 6). Upon Plaintiff's return to Lawrence, he did not get his pain medications as often as the surgeon prescribed and was in severe pain during his stay in the prison infirmary (Doc. 1, pp. 6, 10). Defendant Luking knew about this issue but failed to do anything. After Plaintiff was returned to general population, he received no pain medication at all. He complained to Luking and Defendant Fitzgerald. Soon thereafter, they took away Plaintiff's sling which he still needed.

Plaintiff's discharge orders included having his surgical wound soaked twice a day, but this did not happen (Doc. 1, pp. 7, 19). The wound soak was done "only when the nurse felt like it" and nurses recorded that Plaintiff "refused" this care when they did not offer it (Doc. 1, p. 7). As a result, Plaintiff's wound became infected. As of April 2024, his pain was worse than it was before surgery. Plaintiff complained daily to the nurses to no avail. When he saw Luking for a blood pressure checkup, he asked her to address his arm pain and swelling. She responded there was nothing she could do and advised him to submit a sick call slip.

When Plaintiff was on the way back to Lawrence from Carle Hospital immediately after his surgery, his wound started bleeding heavily and he became lightheaded (Doc. 1, p. 7). Officers were unable to stop the bleeding and took Plaintiff back to the hospital where he learned his stitches had busted. The flaw in the surgical procedure amounted to medical malpractice.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Luking and Fitzgerald for failing to provide Plaintiff with pain medication and wound care as ordered by the surgeon following Plaintiff's January 4, 2024 surgery.
>
> Count 2: State law medical malpractice claim against Dr. Shima and the Unknown Carle Hospital Doctor, for failing to properly complete Plaintiff's surgery on January 4, 2024, resulting in heavy bleeding

from ruptured stitches.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Plaintiff's post-surgical pain and need for wound care were objectively serious medical conditions, and prison officials' failure to follow an outside specialist's orders may violate the Eighth Amendment. *See Perez v. Fenoglio*, 792 F.3d 768, 777-79 (7th Cir. 2015). Thus, Plaintiff's allegations are sufficient for Count 1 to proceed against Luking for her alleged failure to dispense Plaintiff's medication as prescribed, removal of Plaintiff's sling, and for allegedly taking no action when Plaintiff sought help with getting wound care as ordered. Count 1 may also proceed against Fitzgerald regarding Plaintiff's pain medication needs and the sling. However, Plaintiff's

allegations do not indicate that Fitzgerald was aware of the alleged insufficient wound care. Therefore, that portion of Count 1 is dismissed against Fitzgerald.

### Count 2

Medical negligence or malpractice does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Moreover, Plaintiff's statement of claim does not include any allegations against Defendant Shima or the Unknown Carle Doctor and fails to suggest any unconstitutional conduct on their part. As such, there is no basis for this Court to exercise supplemental jurisdiction over a state law malpractice claim. 28 U.S.C. § 1367(a). Count 2 will be dismissed without prejudice.

### Disposition

The Complaint states colorable claims in Count 1 against Luking and Fitzgerald as limited above. Count 2 and Defendants Shima and the Carle Hospital Doctor are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** Shima and the Carle Hospital Doctor as defendants.

The Clerk shall prepare for Nurse Practitioner Luking and Nurse Fitzgerald: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED: November 7, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.